# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 329 | **DATE** | 5/31/2012 |
| **CASE TITLE** | Thornton vs. Hamilton Sundstrand Corp | | |

**DOCKET ENTRY TEXT**

The Court denies Third-Party Defendant Airservices Australia's Motion to Dismiss [35], and denies as moot Defendants' motion for leave to file a sur-reply [56]. No appearance is required on the 6/7/12 notice date.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Presently before the Court is Third-Party Defendant Airservices Australia's Motion to Dismiss. (R. 35.) For the reasons explained below, the motion is denied.

### BACKGROUND

**I.      Relevant Factual Allegations**

This case arises out of a May 7, 2005 fatal commuter aircraft accident near Lockhart River in Queensland, Australia. Prior to the accident, Jeppesen Sanderson, Inc. ("Jeppesen") "produced and sold certain charts for instrument approaches to Lockhart River Aerodrome, including charts for a Runway 12 RNAV (GNSS) approach." (R. 1-15, Am. Compl. at 20.) Additionally, prior to the accident, Airservices Australia ("ASA"):

> generated and distributed data to Jeppesen [] at its place of business in Englewood, Colorado, which Jeppesen used to produce and sell charts for instrument approaches to the Lockhart River Aerodrome, including charts for runway approaches. The data provided to Jeppesen Sanderson included a specific instrument approach procedure for Runway 12 at the Lockhart River Aerodrome which Jeppesen Sanderson included in its charts.

(*See* R. 1, Ex. D, Jeppesen Third Party Compl. ("Jeppesen TPC") at 25; R. 32, Hamilton Am. Third Party Compl. ("Hamilton TPC") at 3.)

On or about September 18, 2009, ASA advised the Australia Transport Safety Bureau that ASA "had redesigned and flight validated the relevant approach to Runaway 12 at the Lockhart River Aerodrome." (Jeppesen TPC at 27; Hamilton TPC at 4.) "A chart setting forth the redesigned approach procedure was published by [ASA], effective November 9, 2009." (*Id.*)

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## II. Relevant Procedural History

On May 4, 2007, the personal representatives of the deceased passengers filed a negligence and strict products liability action against Defendants Jeppersen, Hamilton Sunstrand Corp. ("Hamilton"), Honeywell International, Inc. ("Honeywell"), Matthew Hier ("Heir"), and others. Among other claims, Plaintiffs allege that defects in Jeppesen's charts caused the aircraft to crash. (Am. Compl. at 20.)

On July 1, 2011, Defendant Jeppesen filed a one-count Third Party Complaint against ASA for "indemnification or contribution," alleging that any "judgment" against Defendant Jeppesen "is due in whole or in part to the negligence or other fault of [ASA's] provision of data, information, and direction to [Jeppesen]." (Jeppesen TPC at 26.) Additionally on July 1, 2011, as amended on March 2, 2012, Defendants Hamilton, Honeywell and Heir (collectively, the "Hamilton Defendants") filed a two-count Third Party Complaint against ASA. Count I seeks contribution against ASA under the Illinois Joint Tortfeasor Contribution Act. (Hamilton TPC ¶¶ 13-14.) Count II seeks contribution and indemnity against ASA pursuant to the "laws of the nation and/or state deemed relevant and applicable to this claim." (*Id.* ¶¶ 15-16.)

ASA now moves to dismiss both third party actions. (R. 35, 36.) The Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441(d) and 1446.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 663, 129 S. Ct. 1937, 1949, 73 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In evaluating the sufficiency of the complaint, [courts] view it in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from the allegations in the plaintiff's favor." *AnchorBank, FSB v. Hofer,* 649 F.3d 610, 614 (7th Cir. 2011). When ruling on a Rule 12(b)(6) motion to dismiss, courts may consider exhibits attached to the pleadings if the complaint refers to the document at issue or if the document is central to the plaintiff's claims. *See Universal Mort. Corp. v. Wurttembergische Versicherung AG,* 651 F.3d 759, 763 (7th Cir. 2011); *McCready v. eBay, Inc.,* 453 F.3d 768, 891 (7th Cir. 2006).

## DISCUSSION

ASA moves to dismiss both third party actions in their entirety. ASA argues that (1) the Jeppeson TPC and Count I of the Hamilton TPC are barred by the applicable Illinois statute of limitations; and (2) Count II of the Hamilton TPC fails under Rules 8(a)(2) and (3) and 44.1 of the Federal Rules of Civil Procedure. The Court addresses each argument in turn.

## I. The Jeppesen TPC and Count I of the Hamilton TPC

ASA moves to dismiss the Jeppesen TPC and Count I of the Hamilton TPC on the basis of the two-year Illinois statute of limitations on claims "for indemnity or contribution." (ASA Mem. at 2 (citing 735 ILCS 5/13-204(b).) The Illinois statute provides in relevant part as follows:

> In instances where an underlying action has been commenced by a claimant, no action for contribution or indemnity may be commenced more than 2 years after the party seeking contribution or indemnity has been served with process in the underlying action or more than 2 years from the time the party, or his or her privy, knew or should reasonably have known of an act or omission giving rise to the action for contribution or indemnity, whichever period expires later.

735 ILCS 5/13-204(b). Relying on this statute, ASA argues that (1) "Defendants filed their claims" in 2011, which is "more than four years after they were served with process" in the underlying action; and (2) "Defendants cannot plausibly argue that they were unaware of the possibility of asserting actions against ASA at any time after service, given the fact that Plaintiffs have been claiming the charts used on the subject airplane were defective since filing their lawsuit" in 2007. (R. 36, ASA Mem. at 3-4.)

Defendants respond that although Illinois law governs Count I of the Hamilton TPC, it may not govern the claim in the Jeppesen TPC. (R. 44, Defs.' Joint Resp. at 2.) Reasoning that ASA has failed to appreciate the choice of law question in this case, Defendants ask the Court to deny the motion as premature. (*Id.* at 3.) Defendants alternatively ask the Court to deny the motion on the merits.

The Court need not resolve the choice of law issue because even if Illinois law applies, as ASA contends, dismissal is not appropriate at this time. To the extent Defendants commenced the third party actions more than two years after being served in underlying action, Defendants' third party claims are nonetheless timely so long as Defendants filed their actions within "2 years from the time the party, or his or her privy, knew or should reasonably have known of an act or omission giving rise to the action for contribution or indemnity." 735 ILCS 5/13-204(b); *see also Lopez v. Ford Motor Co.*, No. 09 C 4733, 2012 WL 1021796, at *1 (N.D. Ill. Mar. 26, 2012) (observing that the statute "begins to run once a party has sufficient knowledge to put a reasonable party on inquiry to determine whether a cause of action exists") (citing *Clark v. Children's Mem. Hosp.*, 2011 IL 108656, 353 Ill. Dec. 254, 955 N.E.2d 1065, 1089 (2011); *Brdar v. Cottrell, Inc.*, 372 Ill. App. 3d 690, 705, 311 Ill. Dec. 99, 867 N.E.2d 1085, 1099-1100 (Ill. Ct. App. 2007)).

The "question of when a party has sufficient knowledge to trigger the statute of limitations is ordinarily a question of fact," *Lopez*, 2012 WL 1021796, at *1, and here, ASA's limitations argument turns on such a factual question. *See Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006) (observing that it is "irregular" to dismiss a complaint on the basis of an affirmative defense such as the statute of limitations, unless "the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense"). As Defendants argue in their joint response, the underlying complaint "does not mention ASA or allege any act of omission attributable to ASA," nor does it contain sufficiently detailed allegations that would have put Defendants "on notice of a possible cause of action against ASA." (R. 44, Defs.' Joint Resp. at 19.) According to Defendants, they first became aware of their potential claims against ASA in November of 2009, when ASA released new procedures relating to the Lockhart River Aerodrome. (*Id.* at 14; *see also* Jeppesen TPC at 27; Hamilton TPC at 4.)

Accordingly, because the motion to dismiss raises factual questions that cannot be resolved at the pleading stage, ASA's motion to dismiss the Jeppesen TPC and Count I of the Hamilton TPC is denied without prejudice to re-raising a statute of limitations argument, if appropriate, after relevant fact discovery is conducted. *See Kondaur Capital Corp. v. Stewart Title Co.*, No 11 C 7038, 2012 WL 367054, at *4 (N.D. Ill. Feb. 2, 2012) (denying motion to dismiss, where movant's argument turned on question of fact).

## II.   Count II of the Hamilton Third Party Complaint

ASA next moves to dismiss Count II of the Hamilton TPC "because it violates Rules 8(a)(2), 8(a)(3), and 44.1 of the Federal Rules of Civil Procedure." (R. 36, ASA Mem. at 4.) ASA argues that the allegations fail to "identify the country whose law applies and the aspect of their claim to which it applies." (*Id.* at 6.)

ASA makes no meaningful argument that the allegations in Count II fail to satisfy the requirements of

Rule 8.[1] In fact, ASA makes no meaningful reference to that Rule in its analysis, and cites no legal authority for the proposition that this Court should dismiss a claim for failure to allege choice of law. *Cf. Landmark Doc. Servs. LLC v. Omega Litig. Solutions, LLC*, No. 05 C 7300, 2006 WL 2861098, at *1 (N.D. Ill. Sept. 29, 2006) ("Defendants offer no rule, statute, or case law obligating Plaintiff to plead choice of law in the complaint and indeed do not even attempt to explain how this alleged deficiency is relevant to the legal sufficiency of Plaintiff's claims.") (citing *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) ("Any district judge (for that matter, any defendant) tempted to write "this complaint is deficient because it does not contain . . ." should stop and think: What rule of law requires a complaint to contain that allegation?") and *Transamerica Ins. Co. v. South*, 975 F.2d 321, 327 (7th Cir. 1992) (providing that the substantive law of the forum automatically applies unless either of the parties challenges the choice of law)). Under these circumstances, ASA's Rule 8 argument lacks merit.

The only other rule that ASA references is Rule 44.1, which provides that:

> A party who intends to raise an issue about a foreign country's law must give notice by a pleading or other writing. In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence. The court's determination must be treated as a ruling on a question of law.

Fed. R. Civ. P. 44.1. ASA again offers no legal authority to suggest that failure to provide the required notice under Rule 44.1 warrants dismissal at the pleading stage. *Cf. Vishipco Line v. Chase Manhattan Bank*, N.A., 660 F.2d 854, 856 (2d Cir. 1981) ("Under Rule 44.1, plaintiffs' failure to introduce evidence of their right to recovery under Vietnamese law governing deposit obligations is not a ground for dismissal of their claims."); *Phoenix Four, Inc. v. Strategic Res. Corp.*, No. 05-CV-4837, 2006 WL 399396, at *8 (S.D.N.Y. Feb. 21, 2006) (stating that notice of choice of law "'may, but need not be, incorporated in the pleadings'") (quoting Fed. R. Civ. P. 44.1 – adv. comm. (1966)). Furthermore, the Seventh Circuit characterizes Rule 44.1 as a rule of issue preservation, not pleading sufficiency. *See Whirlpool Fin. Corp. v. Sevaux*, 96 F.3d 216, 221-22 (7th Cir. 1996) (stating that failure to provide notice of intent to rely upon foreign law waives the issue) (citing *ECHO, Inc. v. Whitson Co., Inc.*, 52 F.3d 702, 707 (7th Cir. 1995) ("Where neither party argues that the forum state's choice of law rules require the court to apply the substantive law of another state, the court should apply the forum state's substantive law."); *Muslin v. Frelinghuysen Livestock Managers, Inc.*, 777 F.2d 1230, 1231 n.1 (7th Cir. 1985) (noting that acquiescence to court's choice of law amounts to waiver of any objection to such choice)). Under these circumstances, ASA's Rule 44.1 argument is unpersuasive.

## CONCLUSION

For all of the reasons, the Court denies ASA's motion to dismiss the Jeppesen TPC and the Hamilton TPC. In light of this disposition, the Court additionally denies as moot Defendants' motion for leave to file a sur-reply. (R. 56.)

---

[1] Additionally, ASA's motion under Rule 8 is procedurally infirm. Rule 8 does not provide a procedural basis for dismissal, but instead supplies the legal standard applicable to a motion to dismiss under Rule 12(b)(6), a rule that ASA neither cites nor relies upon. *See Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Krukowski v. Omicron Techs, Inc.*, No. 10 C 5282, 2011 WL 1303416, at *2 (N.D. Ill. Mar. 31, 2011) ("Rule 12(b)(6) motions are analyzed in conjunction with the legal standard set forth in Rule 8").