# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TRAD THORNTON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| HAMILTON SUNDSTRAND CORP., | )   No. 12 C 329 |
| HONEYWELL INTERNATIONAL, INC., | ) |
| MATTHEW HIER, and | )   Judge Sara L. Ellis |
| JEPPESEN SANDERSON, INC. | ) |
| | ) |
| Defendants, | ) |
| | ) |
| v. | ) |
| | ) |
| AIRSERVICES AUSTRALIA, INC., | ) |
| | ) |
| Third-Party Defendant. | ) |

## OPINION AND ORDER

This suit involves the crash of a commuter plane in Queensland, Australia in May of 2005, which killed all fifteen individuals onboard. Plaintiffs, as administrators and special administrators of the estates of fourteen of the deceased, sued Defendants in Illinois state court for their roles in the crash. Four years after the commencement of the suit, Defendants filed a third-party complaint for contribution against Airservices Australia, Inc. ("ASA"). ASA then removed the entire action to federal court under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330(a), 1441(d), 1602 *et seq*. Now two years after removal, and after several failed attempts to return the case to state court, Plaintiffs seek to remand the case under the doctrine of fraudulent joinder, asserting that the third-party claims against ASA are barred by the applicable statute of limitations and therefore bear no chance of success.

Plaintiffs' motion for remand [244] is denied. Remanding the action would require ASA, a foreign sovereign, to defend itself against the third-party claims in state court, in clear violation of the jurisdictional provision of the FSIA. 28 U.S.C. § 1441(d). Moreover, Plaintiffs have not met their burden of demonstrating that there is no possibility that Defendants will prevail on their third-party claims. The statute of limitations for the third-party claims is governed by the discovery rule, which hinges on a determination of when Defendants learned of their claims against ASA. This is a disputed question of fact not appropriate for a ruling on the record before the Court. *See Brdar v. Cottrell, Inc.*, 372 Ill. App. 3d 690, 705, 867 N.E.2d 1085 (2007). Finally, Plaintiffs have not shown that Defendants engaged in outright fraud.

## BACKGROUND

On May 7, 2005, a commuter plane (the "accident aircraft") operated by Transair, an Australian airline, crashed into the side of a mountain while descending into its destination, the Lockhart River Aerodrome. The crash occurred near the town of Lockhart River in Queensland, Australia. All fifteen individuals onboard died in the crash. Plaintiffs, as administrators and special administrators of fourteen of the deceased, brought this action in the Circuit Court of Cook County, Illinois in May of 2007. All Plaintiffs reside in Australia; the decedents all resided in Queensland, Australia at the time of the crash.

Defendant Jeppesen Sanderson Inc. ("Jeppesen") is a Delaware corporation with its principal place of business in Colorado. Jeppesen produced and sold charts that were used in instrument approaches into the Lockhart River Aerodrome. Third-party Defendant ASA is wholly owned by the government of Australia. ASA provided Jeppesen with source data for its approach charts. ASA also designed and mandated the approach procedure into the Lockhart River Aerodrome. Defendant Hamilton Sundstrand Corp. ("Hamilton Sundstrand") is a

Delaware corporation with its principal place of business in Connecticut. Defendant Matthew Hier is a Hamilton Sundstrand employee and a resident of Illinois. Defendant Honeywell International, Inc. ("Honeywell") is a Delaware corporation with its principal place of business in New Jersey. Honeywell acquired Hamilton Sundstrand's Ground Proximity Warning System ("GPWS") business in 1993 and built the GPWS computer onboard the accident aircraft when it crashed.

Shortly after the suit was filed, Defendants removed the case to federal court on the basis of fraudulent joinder. Defendants asserted that Plaintiffs named two Illinois residents, The Boeing Company ("Boeing") and Mr. Hier, as Defendants purely to destroy diversity jurisdiction in Illinois. Defendants argued that Plaintiffs could not prevail on a claim against Mr. Hier or Boeing and therefore that their joinder was fraudulent. The Court rejected these arguments and remanded the case to state court, finding that "Defendants have not met the heavy burden of establishing fraudulent joinder." Case No. 07 C 3122, Doc. 93 at 3 (N.D. Ill. Sept. 14, 2007). The Court found that "even though Plaintiffs' allegations against Boeing are on the whole insubstantial, they still suffice given the applicable standard." *Id.* at 5.

In late 2009, ASA redesigned the approach path into the Lockhart River Aerodrome so that aircrafts would no longer descend over a mountain ridge as the accident aircraft had been required to do. In May of 2011, the owners and operator of the accident aircraft and their insurer sued Jeppesen and ASA in Queensland, Australia. The complaint in the Queensland action alleges that ASA negligently designed the instrument approach procedure into the Lockhart River Aerodrome. In July of 2011, purportedly on the basis of this new information, Defendants Honeywell, Hamilton Sundstrand, Jeppesen, and Mr. Hier filed a third-party complaint against ASA in this case while it was pending in Illinois state court. The third-party complaint sought

contribution against ASA for its role in the crash. ASA exercised its right as a foreign sovereign to remove the entire action to federal court under the jurisdictional provision of the FSIA.

Since removal, Plaintiffs have sought to return the action to state court on several occasions. First, in February of 2012, Plaintiffs moved to sever the claims against the direct Defendants and remand these claims to state court. The Court denied this motion, holding that removal was proper and that the Court had diversity jurisdiction over Plaintiffs' claims, rendering remand inappropriate. Doc. 42.

In March of 2012, ASA moved to dismiss the third-party claims against it. ASA argued, as Plaintiffs argue now, that the third-party complaint was filed after the relevant limitations period had expired. The Court denied ASA's motion to dismiss because it hinged on a question of fact outside the pleadings—when Defendants discovered their claims against ASA, thereby starting the clock for statute of limitations purposes. Doc. 65.

In May of 2012, Plaintiffs filed the predecessor to the pending motion, seeking to remand the case to state court on the theory that ASA was fraudulently joined. The Court denied the motion for remand without prejudice, holding that Plaintiffs had not met their burden of showing that the claims against ASA lack any reasonable possibility of success. Doc. 67 at 2. The Court noted that Plaintiffs could "re-rais[e] the issue, if otherwise appropriate, after relevant fact discovery is conducted." *Id*. The Court also expressed doubt that the doctrine of fraudulent joinder could even apply to a case removed under the FSIA. *Id*.

In November of 2012, Plaintiffs moved for voluntary dismissal without prejudice, noting that they had agreed in principle to a settlement with ASA and that they sought to refile the case in state court. The Court denied the motion, finding that refiling the case would duplicate effort and expense given that discovery was nearly complete. Doc. 132. The Court did not rule on

Plaintiffs' renewed argument that ASA was fraudulently joined. The Court noted, however, that because "the purpose of the fraudulent joinder doctrine is to ensure the availability of an unbiased federal forum for out-of-state defendants 'when the plaintiff's suit presents a local court with a clear opportunity to express its presumed bias,'" the Court was "uncertain" that the doctrine applied to cases removed by a foreign sovereign under § 1441(d). *Id.* at 2 n.1 (quoting *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)).

In March of 2013, ASA and Plaintiffs jointly moved to dismiss the third-party claims under the Illinois Joint Tortfeasor Contribution Act ("IJTCA") on the basis that they had reached a good faith settlement. The Court denied the motion because Queensland law applied to the question, rendering the IJTCA inapposite. Doc. 174. In light of the ruling, Plaintiffs and ASA abandoned their settlement. Discovery, which included almost 50 depositions spread throughout the United States and Australia, closed in April of 2013. In July of 2013, after raising *sua sponte* the issue of its subject matter jurisdiction over claims against ASA, the Court held that it had jurisdiction over the third-party claims because ASA had engaged in commercial activity for which it could not claim sovereign immunity. Doc. 171.

In September of 2013, the day before summary judgment motions were due, Plaintiffs again moved for voluntary dismissal without prejudice. Plaintiffs this time sought to refile their claims in Missouri state court, where a related litigation is pending. The Court denied this motion before Defendants filed their opposition brief. Doc. 206. Finally, in February of 2014, Plaintiffs filed the motion now before the Court, seeking again to remand the action based on ASA's fraudulent joinder.

## LEGAL STANDARD

A case filed in state court that could have been filed originally in federal court may be properly removed to federal court. 28 U.S.C. § 1441; *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000). The removing party bears the burden of demonstrating that removal is proper, and any doubt regarding jurisdiction should be resolved in favor of remand. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). A case may be remanded for lack of subject matter jurisdiction or, if timely raised, for failure to comply with the removal statutes. 28 U.S.C. §§ 1446, 1447(c); *GE Betz, Inc. v. Zee Co.*, 718 F.3d 615, 625–26 (7th Cir. 2013). A party seeking a different forum on the basis of fraudulent joinder "must bear a heavy burden" by showing that the non-movant falsely pleaded certain jurisdictional facts or that the non-movant has no chance of succeeding on its claim against the falsely joined party. *Poulos*, 959 F.2d at 73. To find that joinder was fraudulent on the second prong, a court must find, "after resolving all issues of fact *and law* in favor of the [non-movant], the [non-movant] cannot establish a cause of action against the [movant]." *Id*.

## ANALYSIS

Seeking to remand the case for fraudulent joinder, Plaintiffs assert that Defendants brought third-party claims against ASA only to gain access to federal court and that Defendants' third-party claims against ASA lack any chance of succeeding because they are time-barred under any applicable statute of limitations. Plaintiffs contend that certain Defendants knew or should have known of ASA's potential liability by April of 2007, when the Australian Transport Safety Board ("ATSB") issued a report on the cause of the crash, implicating ASA. Defendants brought their third-party claims against ASA in July of 2011. Therefore, Plaintiffs contend that

the third-party claims against ASA are barred by Illinois' two-year statute of limitations, even taking into account the discovery rule.[1]

Fraudulent joinder almost exclusively comes up in the reverse context, where an out-of-state defendant seeks to remove a case to federal court. In that situation, a defendant will contend that a plaintiff named an in-state party as a defendant simply to destroy diversity jurisdiction. *See Poulos*, 959 F.2d at 73. If a court finds that the plaintiff bears no chance of succeeding against the in-state defendant, or if a court finds that the plaintiff engaged in actual fraud in naming the in-state defendant, the court may disregard the in-state defendant's inclusion when analyzing diversity of citizenship. *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993).

## I. Applicability of Fraudulent Joinder Here

The purpose of the fraudulent joinder doctrine is to preserve an out-of-state defendant's access to federal court in order to avoid the "presumed bias" of state court that led Congress to create federal diversity jurisdiction. *Poulos*, 959 F.2d at 73. Because its purpose to *provide* access to a federal forum, Plaintiffs' invocation of the fraudulent joinder doctrine to remand the case to state court makes little sense. *See* Doc. 132 at 2 n.1 (noting that, given the purposes of the fraudulent joinder doctrine, it was "uncertain" that the doctrine applies to cases removed under the FSIA).

The application of fraudulent joinder to remanding cases to state court is especially tenuous where, as here, removal is premised on the FSIA, rather than diversity. Congress

---

[1] In the alternative, Plaintiffs assert that the third-party claims are barred by Queensland's statute of limitations, which provides that contribution claims must be filed within four years of the expiration of the statute of limitations for the underlying action. In this case, because the crash occurred on May 7, 2005 and Illinois provides a two-year statute of limitations for the underlying action, Plaintiffs contend that the Queensland statute required Defendants to file their contribution claims by May 7, 2011, which they did not do.

7

enacted the FSIA in order to "give sovereign foreign defendants an absolute right to a federal forum coupled with an unusually strong preference for the consolidation of claims." *In re Surinam Airways Holding Co.*, 974 F.2d 1255, 1260 (11th Cir. 1992); *Teledyne, Inc. v. Kone Corp.*, 892 F.2d 1404, 1409 (9th Cir. 1989). Given this "absolute right to a federal forum," the Court has already expressed doubt that the fraudulent joinder doctrine could apply to the FSIA. *See* Doc. 67 at 2. The Fifth Circuit analyzed this question and declined to decide it, but opined that "to craft a fraudulent joinder rule to an FSIA entity's right to remove an action from state court would conflict with Congress's intent." *Delgado v. Shell Oil Co.*, 231 F.3d 165, 178 (5th Cir. 2000).

Plaintiffs cite no cases in which the fraudulent joinder doctrine was used to remand a case to state court, was used by a plaintiff against a direct or third-party defendant, or was applied outside the context of diversity jurisdiction. Without any caselaw or statutory support, Plaintiffs contend that it would violate public policy to allow any defendant to "remove an action with impunity . . . by simply naming a foreign sovereign as a third-party defendant, no matter the lack of merit to the third-party claim." Doc. 246 at 4–5 n.1. But this argument ignores tools like the motion to dismiss and motion for summary judgment that help ensure that a foreign sovereign wrongfully named as a third-party defendant need not remain in the case through trial. Here, after being named as a party, ASA utilized one of those tools, moving to dismiss the third-party complaint on the basis that the statute of limitations had run. But the Court denied ASA's motion. ASA has not renewed its motion or moved for summary judgment. Instead, Plaintiffs attempt to carry ASA's water, arguing that Defendants have no valid claim against ASA and therefore that the Court should ignore ASA for jurisdictional purposes.

8

But Plaintiffs ignore the reality that granting the motion to remand would send the entire action back to state court where ASA would have to defend itself, despite the FSIA's clear message that foreign sovereigns cannot be forced to defend suits in state court. *In re Air Crash Disaster Near Roselawn, Ind. on Oct. 31, 1994*, 96 F.3d 932, 937 (7th Cir. 1996) (noting that in enacting the FSIA "Congress sought to promote uniformity in cases involving foreign governments, and to provide them with a means of escape from potentially biased state court proceedings"); *Surinam*, 974 F.2d at 1260; *Teledyne*, 892 F.2d at 1409. Plaintiffs do not allege that ASA has colluded with Defendants or otherwise acted improperly in litigating the case as it has. Plaintiffs further do not identity any reason why ASA would have an incentive to mount anything less than a rigorous defense to the third-party claims. Therefore, the Court will not remand the action, as doing so would require foreign sovereign ASA to defend its claims in state court. *See Roselawn*, 96 F.3d at 942 (holding that the entire case should remain before the federal court where a third-party defendant removed the action under the FSIA).

## II. Possible Success

Even if the fraudulent joinder doctrine applied to this case, Plaintiffs do not satisfy the high standard required to show that the joinder of ASA was fraudulent. Plaintiffs focus their motion on the first and more common prong of fraudulent joinder—that Defendants' claims against ASA will not succeed. The Court will grant the motion to remand on this prong only if there is no chance that Defendants can succeed on their third-party claims. *Poulos*, 959 F.2d at 73; *Travis v. Irby*, 326 F.3d 644, 650 (5th Cir. 2003) ("In order to establish that Irby was fraudulently joined, the defendant must put forward evidence that would negate a possibility of liability on the part of Irby."). Several courts have found that the fraudulent joinder standard "is even more favorable to the [non-movant] than the standard for ruling on a motion to dismiss

9

under" Rule 12(b)(6). *Hartley v. CSX Transp. Inc.*, 187 F.3d 422, 424 (4th Cir. 1999); *see also Schur*, 577 F.3d at 764 (noting that a party "faces a 'heavy burden' to demonstrate that the joinder is fraudulent, and some courts, including district courts within this circuit, have suggested that the burden is even more favorable to the [non-movant] than the standard that applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)" (citation omitted)).

Plaintiffs contend that Defendants' third-party complaint cannot possibly succeed because it was filed after the statute of limitations had run. Defendants rely on the discovery rule to extend the statute of limitations—arguing that the limitations period did not begin until they learned of their claims against ASA. Plaintiffs counter that Defendants were put on sufficient notice of their claims against ASA in April of 2007 when the ATSB released its report on the crash. Plaintiffs contend that because Defendants either promptly read or should have promptly read the ATSB report, the publication of the report marks the beginning the limitations period pursuant to the discovery rule. The April 2007 report identified ASA as having provided data that Jeppesen used in creating the navigation charts for approach into the Lockhart River Aerodrome.

Defendants assert that while they knew ASA was involved in the creation of the navigation charts, they did not know that they had a claim against ASA until 2009. They point out that the April 2007 report did not state or imply that the approach path into the Lockhart River Aerodrome was deficient or that a better approach path was feasible. Defendants purportedly learned that a safer approach path was possible only when ASA redesigned the path in late 2009. Defendants contend that this redesign triggered the discovery rule and began the statutory clock. Because they filed their third-party complaints within two years of the redesign, Defendants assert that their claims fall within any applicable statute of limitations.

The Court finds that questions of fact preclude remand. Whether Defendants complied with the statute of limitations hinges on when Defendants learned of their claims against ASA. The Illinois Supreme Court has held that determining when a party's knowledge is sufficient to trigger the beginning of the limitations period is "usually a question of fact." *Knox Coll. v. Celotex Corp.*, 430 N.E.2d 976, 981, 88 Ill. 2d 407 (1981). This is also true in the context of a third-party claim for contribution. *Brdar v. Cottrell, Inc.*, 867 N.E.2d 1085, 1100 372 Ill. App. 3d 690 (2007) ("[T]he question of when the party seeking contribution has sufficient knowledge to trigger the statute of limitations is ordinarily a question of fact for the jury."). Knowing that a party was involved in the facts underlying a suit does not necessarily provide sufficient information to start the running of the statutory clock. *See Liberty Mut. Ins. Co. v. Lumbermens Mut. Cas. Co.*, No. 06 C 6689, 2008 WL 2940797, at *4 (N.D. Ill. July 25, 2008).

The Court recognizes that under the FSIA, the Court and not a jury will decide any claim against ASA. *See Roselawn*, 96 F.3d at 947. Nevertheless, the appropriate time for the Court to weigh the evidence and reach factual conclusions is at trial. *See Casey v. Uddeholm Corp.*, 32 F.3d 1094, 1099 (7th Cir. 1994) ("[T]he appropriate proceedings for such fact-finding is a bench trial and not the disposition of a summary judgment motion."). "When evidentiary facts are in dispute, when the credibility of witnesses may be in issue, when conflicting evidence must be weighed, a full trial is clearly necessary regardless of whether it is a bench or jury trial." *The Analysis and Decision of Summary Judgment Motions*, 139 F.R.D. 441, 474 (1992). The record before the Court does not readily reveal when Defendants possessed sufficient information regarding the cause of the crash to mark the beginning of the limitations period under the discovery rule. Because Plaintiffs have not shown that Defendants have no chance of succeeding

11

on their claims against ASA, Plaintiffs fail to meet the high standard required by the fraudulent joinder doctrine.

### III.    Outright Fraud

Plaintiffs also assert outright fraud, contending that Defendants must have lied about the date on which they discovered their claims against ASA.  But Plaintiffs' assertions of fraud are not supported by the evidence in Plaintiffs' own brief.  Plaintiffs merely infer that Defendants must be lying about when they learned of their claims against ASA.  After admitting that "each of [Honeywell's and Hamilton Sundstrand's] witnesses . . . claimed to lack any knowledge of when these defendants received the ATSB report," Plaintiffs allege that "it is simply incredible to believe that after participating in the ATSB investigation from its inception, defendants Hamilton Sundstrand and Honeywell did not read the Final Report."  Doc. 246 at 10.  With regard to Defendant Jeppesen, Plaintiffs point out that its representative testified that he read the April 2007 ATSB report "cover to cover."  *Id.* at 9.  From this, Plaintiffs conclude that at least Jeppesen knew of its claims against ASA in April of 2007.  Plaintiffs do not mention Mr. Hier's knowledge.

However, Plaintiffs' brief does not demonstrate that any Defendant engaged in actual fraud.  Plaintiffs offer no convincing evidence that any Defendant misrepresented the date on which it learned of its claim against ASA.  Plaintiffs instead offer inference and conjecture.  The Court is not convinced that simply reading the ATSB report would put any Defendant sufficiently on notice of its claims against ASA.  Plaintiffs' arguments are not sufficient to overcome the high bar before them. *See Marks v. Houston Cas. Co.*, No. 09-CV-1159, 2010 WL 1180364, at *5 (E.D. Wis. Mar. 22, 2010) ("The standard for finding [that] 'outright fraud' propelled the joining of a party to the complaint is quite high; 'it is not enough to assert that there

was a fraudulent joinder of defendants but there must be a statement of facts rightly engendering that conclusion.'"). Thus, because Plaintiffs have not demonstrated the impossibility of success on the third-party claims, or that Defendants engaged in outright fraud, remand is not warranted on the basis of fraudulent joinder.[2]

**CONCLUSION**

For the reasons stated above, Plaintiffs' renewed motion to remand based upon fraudulent joinder [244] is denied.

Dated: April 29, 2014

                                                  SARA L. ELLIS
                                                  United States District Judge

---

[2] Defendants alternately contend that the Illinois statute of limitations was tolled until March 2010 pending a state court appeal, that Queensland's four-year statute of limitations applies to their claims, and that Plaintiffs' motion for remand is untimely or waived. Because the Court denies Plaintiffs' motion on the above bases, the Court will not consider these arguments or address them here.

13